# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STEVEN R. BURTON,

    **Plaintiff,**

  v.           CASE NO. 09-3207-SAC

EMALEE CONOVER, et al.,

    **Defendants.**

## O R D E R

Plaintiff, a prisoner confined in a Kansas correctional facility, proceeds pro se on a civil complaint seeking relief under 42 U.S.C. § 1983.[1] Before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the $350.00 district court filing fee.

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

A prisoner seeking to bring a civil action without prepayment of the district court filing fee is required to submit an affidavit that includes a statement of all assets, a statement of the nature of the complaint, and the affiant's belief that he is entitled to redress, 28 U.S.C. § 1915(a)(1), and to submit a certified copy of the inmate's institutional account for the six months immediately preceding the filing of the action from an appropriate official from

---

[1] This action was initiated with a complaint with Burton and another prisoner, Anthony Cremer, as plaintiffs. *See* Cremer v. Conover, Case No. 09-3200-SAC. The court severed that action and required each plaintiff to proceed in a separate case, with each subject to payment of the district court filing fee in their own case.

each prison in which the inmate is or was incarcerated, 28 U.S.C. § 1915(a)(2). Because plaintiff's motion for leave to proceed in forma pauperis includes no certified financial records, the court directs plaintiff to supplement the motion with this necessary information. The failure to do so in a timely manner may result in plaintiff's motion for leave to proceed in forma pauperis being denied based upon plaintiff's noncompliance with 28 U.S.C. § 1915(a)(2), and the complaint being dismissed without prejudice due to plaintiff's failure to prepay the district court filing fee.

**SCREENING OF THE COMPLAINT, 28 U.S.C. § 1915A**

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff contends he is not getting 60 days of programming credit as provided under K.S.A. 21-4722, and claims the Kansas Department of Corrections (KDOC) is unlawfully interpreting that statute. Plaintiff seeks an award of 60 days credit on his sentence, that KDOC staff be properly trained regarding the correct application of K.S.A. 21-4722, and damages for each day plaintiff remains in KDOC custody without the programming credits at issue. The two defendants named in the complaint are Warden Emmalee Conover and KDOC Secretary Roger Werholtz.

*Allegations Sound in Habeas Corpus*

The court first finds it appropriate to clarify the cause of action in this case. To the extent plaintiff challenges KDOC's execution of his sentence and specifically seeks programming credit

and a change in KDOC's interpretation of K.S.A. 21-4722, such relief must be pursued in habeas corpus rather than in a civil rights action under 42 U.S.C. § 1983. "Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." Hill v. McDonough, 547 U.S. 573, 579 (2006)(citation omitted). Plaintiff may not use a civil rights action under 42 U.S.C. § 1983 to seek relief on claims sounding in habeas corpus.

To proceed in habeas corpus, however, plaintiff must first fully exhaust available state court remedies. *See generally* Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005)(absent a demonstration of futility, a habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies). There is nothing in the record to indicate or suggest that plaintiff has presented his allegations of error in the execution of his sentence to the state courts for review.

Accordingly, plaintiff is directed to show cause why this action should not be liberally construed as one seeking habeas corpus relief under 28 U.S.C. § 2241, and if so, why it should not be dismissed without prejudice based upon plaintiff's failure to exhaust state court remedies.

*Claim for Damages is Barred*

Plaintiff is advised that his remaining claim for damages, although appropriate under 42 U.S.C. § 1983, would be subject to being summarily dismissed without prejudice absent a showing that KDOC's determination that plaintiff is not eligible for programming credit under K.S.A. 21-4722 has been reversed or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477 486-87 (1994). No such

showing is apparent on the face of the complaint.

*Filing Fee*

Plaintiff is further advised that the complaint being construed as proceeding in habeas corpus impacts the filing fee required.

As a civil rights action under 42 U.S.C. § 1983, plaintiff would be subject to the filing fee provisions in 28 U.S.C. § 1915 as amended by the Prison Litigation Reform Act (PLRA) in 1996. Even if granted leave to proceed in forma pauperis, plaintiff would be obligated to pay the full $350.00 district court filing fee, 29 U.S.C. § 1915(b)(1), as provided by payment of the initial partial filing fee assessed by the court, id., and as authorized by automatic monthly payments from plaintiff's inmate account, 28 U.S.C. § 1915(b)(2), until the full district court filing fee has been paid.

If construed as a habeas corpus action filed under 28 U.S.C. § 2241, the district court filing fee is $5.00, and the filing fee provisions imposed by the PLRA would not apply if the court were to grant plaintiff leave to proceed in forma pauperis. *See* United States v. Simmonds, 111 F.3d 737 (10th Cir. 1997)(PLRA does not encompass state habeas actions or appeals therefrom).

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to supplement his motion for leave to proceed in forma pauperis by submitting the certified financial records required under 28 U.S.C. § 1915(a)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why this action should not be construed as a habeas corpus action filed under 28 U.S.C. § 2241, and dismissed without prejudice based upon plaintiff's failure to exhaust state

court remedies.

**IT IS SO ORDERED.**

DATED:  This 15th day of October 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge