IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


STEVEN R. BURTON,

                Plaintiff,

    v.                                      CASE NO. 09-3207-SAC

EMALEE CONOVER, et al.,

                Defendants.


**O R D E R**

    Plaintiff, a prisoner confined in a Kansas correctional facility, proceeds pro se on a civil complaint seeking relief under 42 U.S.C. § 1983. Plaintiff contends he is not getting 60 days of program credit as provided under K.S.A. 21-4722, and claims the Kansas Department of Corrections (KDOC) is unlawfully interpreting that statute. He seeks an award of 60 days program credit on his sentence, that KDOC staff be properly trained regarding the correct application of K.S.A. 21-4722, and damages for each day plaintiff remains in KDOC custody without these program credits.

    By an order dated October 15, 2009, the court granted plaintiff additional time to submit the certified financial records required in support of plaintiff's pending motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, and notified plaintiff that the failure to do so in a timely manner could result in plaintiff's motion being denied and the action being dismissed without prejudice without further prior notice to plaintiff.

    The court also directed plaintiff to show cause why the complaint submitted under 42 U.S.C. § 1983 should not be construed

by the court as one seeking a writ of habeas corpus under 28 U.S.C. § 2241, and dismissed without prejudice based upon plaintiff's failure to exhaust state court remedies.

Before the court is plaintiff's motion for leave to file a response out of time to the order entered on October 15, 2009, and plaintiff's proposed response. The court grants this request.

In his response, plaintiff appears to imply that because habeas corpus relief is not available without prior exhaustion of state court remedies, and because his allegations concern the conditions of his confinement, his action should be allowed to proceed under 42 U.S.C. § 1983 rather than habeas corpus. The court disagrees.

The court continues to find that to the extent plaintiff challenges KDOC's execution of his sentence and specifically seeks programming credit and a change in KDOC's interpretation of K.S.A. 21-4722, such relief must be pursued in habeas corpus rather than in a civil rights action under 42 U.S.C. § 1983.[1]

Additionally, the record discloses that plaintiff has not submitted the certified financial records required by 28 U.S.C. § 1915(a)(2). The court thus denies plaintiff's motion for leave to proceed in forma pauperis. Because plaintiff has not paid the required district court filing fee for proceeding under 42 U.S.C. § 1983 or 28 U.S.C. § 2241, the court dismisses this action without prejudice.

---

[1]Plaintiff is reminded that to the extent he seeks damages which would be appropriate under 42 U.S.C. § 1983, such relief would be foreclosed absent a showing that KDOC's determination that plaintiff is not eligible for programming credit under K.S.A. 21-4722 has been reversed or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477 486-87 (1994).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to file a response out of time (Doc. 4) is granted.

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied.

IT IS FURTHER ORDERED that the complaint is construed by the court as a habeas corpus action filed under 28 U.S.C. § 2241, and is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 17th day of November 2009 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge